IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| FREDDIE CLYDE,<br><br>            Plaintiff,<br><br>vs.<br><br>WERNER ENTERPRISES, INC., AND ANTONIO COATES,<br><br>            Defendants. | **JURY TRIAL DEMANDED**<br><br>CIVIL ACTION 19A72729<br>FILE NO. _____ |

## COMPLAINT

COMES NOW Freddie Clyde, Plaintiff, and makes and files this complaint against Defendants Werner Enterprises, Inc. and Antonio Coates as follows:

### PARTIES AND JURISDICTION

1.

Plaintiff Freddie Clyde is a citizen of the State of Georgia, and resides in DeKalb County, Georgia and is subject to the jurisdiction of this court.

2.

Defendant Werner Enterprises, Inc. ("Werner") is a foreign corporation, existing under the laws of the State of Nebraska with its principal place of business in the State of Nebraska, and is authorized to transact business in the State of Georgia, and may be served through its registered agent National Registered Agents, Inc. located at 289 S. Culver Street, Lawrenceville, Georgia 30046 and is subject to the jurisdiction of this court.



STATE COURT OF
DEKALB COUNTY, GA.
1/10/2019 3:34 PM
E-FILED
BY: Siana Smith

3.

Defendant Antonio Coates ("Coates") is a citizen of the State of Ohio and may be served at his resident address at 24851 Country Club Boulevard, North Olmsted, Ohio, 44070 and is subject to the jurisdiction of this court.

4.

Jurisdiction and venue are proper in this court.

## BACKGROUND

5.

On or about March 9, 2017 Plaintiff was operating a vehicle traveling on I-75 Southbound in Dooly County, Georgia.

6.

Suddenly and without warning, a tractor-trailer driven by Defendant Coates improperly and illegally entered Plaintiff's lane of travel.

7.

Defendant Coates's vehicle collided with Plaintiff's vehicle causing it to strike the median.

8.

As a result of the collision, Plaintiff's chest, neck and back suffered severe and permanent injuries that required extensive medical treatment including surgery.

## COUNT I – NEGLIGENCE

9.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 8 above as if fully restated.

10.

Defendant Coates was negligent in failing to maintain his lane of travel, for negligently entering Plaintiff's lane of travel, and failing to maintain a lookout for Plaintiff's vehicle.

11.

Defendant Coates was negligent in colliding with Plaintiff's vehicle.

12.

Defendant Coates's negligence is the sole and proximate cause of the collision and Plaintiff's resulting injuries.

## COUNT II – IMPUTED LIABILITY

13.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 12 above as if fully restated.

14.

At the time of the subject collision, Defendant Coates was under dispatch for Defendant Werner.

15.

At the time of the subject collision, Defendant Coates was operating his vehicle on behalf of Defendant Werner.

16.

Defendant Werner is an interstate or intrastate motor carrier, and pursuant to federal and state laws, is responsible for the actions of Defendant Coates in regard to the collision described in this complaint under the doctrine of lease liability, agency, or apparent agency.

## COUNT III – NEGLIGENT HIRING, TRAINING & SUPERVISION

17.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 16 above as if fully restated.

18.

Defendant Werner was negligent in hiring Defendant Coates and entrusting him to drive a tractor-trailer.

19.

Defendant Werner was negligent in failing to properly train Defendant Coates.

20.

Defendant Werner was negligent in failing to properly supervise Defendant Coates.

21.

Defendant Werner's negligence in hiring Defendant Coates and entrusting him with driving a commercial vehicle and failing to train and supervise him properly was the sole and proximate cause of the collision, and Plaintiff's resulting injuries.

## COUNT IV – DAMAGES

22.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 21 above as if fully restated.

23.

As a result of Defendants' negligence, Plaintiff suffered multiple orthopedic injuries requiring surgery.

24.

As a result of Defendants' negligence, Plaintiff has incurred past medical expenses and will continue to incur future medical expenses.

25.

Defendants' negligence is the sole and proximate cause of Plaintiff's injuries.

## COUNT V – PUNITIVE DAMAGES

26.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 25 above as if fully restated.

27.

Defendants' conduct was reckless, willful and wanton, and demonstrates a conscious indifference to the consequences of their actions and entitles Plaintiff to an award of punitive damages.

**WHEREFORE**, Plaintiff prays to have a trial on all issues and judgment against Defendants as follows:

a. That Plaintiff recover the full value of the incurred past and future medical expenses in an amount to be proven at trial;

b. That Plaintiff recover for physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;

c. That Plaintiff recover for permanent disability and loss of enjoyment of life in an amount to be determined by the enlightened conscience of a jury;

d. That Plaintiff recover punitive damages in an amount to be determined by the enlightened conscience of a jury;

e.  That Plaintiff recover such other and further relief as is just and proper.

This 10th day of January, 2019.

>By: /s/ Eric J.D. Rogers
>**MICHAEL L. GOLDBERG**
>Georgia Bar No. 299472
>**ERIC J.D. ROGERS**
>Georgia Bar No. 100081

Three Alliance Center
3550 Lenox Road, N.E.
Suite 1500
Atlanta, Georgia 30326
(404) 591-1800
Fax: (404) 591-1801
Email: Michael@frg-law.com
Email: eric@frg-law.com

STATE COURT OF
DEKALB COUNTY, GA.
1/10/2019 3:34 PM
E-FILED
BY: Siana Smith